FREDERIC C. FARLEY *et al. vs.* WILLIAM C. BUCKLIN *et als.*

A testator left one eighth of his estate in trust for the "use and benefit" of each of his two granddaughters, directing the trustees as follows:

"Item 4. And in the discretion of said trustees or trustee for the time being, to apply and appropriate to the support, benefit, and education of my said granddaughters respectively, during their respective minorities, and until they respectively attain the age of twenty one years, so much of the residue of the said income" of their shares "as the said trustees or trustee, for the time being, may deem expedient."

"Item 5. And from and after my said granddaughters respectively attain the age of twenty one years, to pay to them respectively, as often at least as once in six months, the net income of their respective" shares "for their own use during their respective lives."

By clauses 7 and 8, the shares of the granddaughters were on their death limited over in remainder. When one of the granddaughters attained her majority, the trustees held a fund accumulated from the net income of her share, and not expended during her minority.

*Held*, that the trustees should pay over this fund to the granddaughter.

BILL IN EQUITY for instructions.

This bill was filed by the trustees under the will of Thomas P. Bucklin, which was proved before the Court of Probate of the town of East Providence, February 8, 1870. The questions submitted are stated in the opinion of the court. The will is as follows:

"I, Thomas P. Bucklin, of East Providence, in the State of Rhode Island, do hereby revoke all prior wills and testamentary dispositions by me at any time made, and declare this only to be my last will and testament, as follows, that is to say :

"Item 1. I give, devise, and bequeath unto my sons, George Bucklin, William C. Bucklin, and Edward C. Bucklin, one undivided eighth part each (subject respectively to the provisions concerning debts and advancements hereinafter contained) of all my estate and property, real and personal, wheresoever the same may be, including all real estate and personal property I may hereafter acquire, to them, their respective heirs, executors, administrators, and assigns forever, to their own use.

"Item 2. I give, devise, and bequeath the other five undivided eighth parts of all my said estate and property, real and personal, including all real estate and personal property I may hereafter acquire (subject, nevertheless, as to the respective portions thereof, to the provisions concerning debts and advancements hereinafter contained) unto my said son, George Bucklin, my friend, Frederic C. Farley, and my son-in-law, Charles D. Owen, as joint tenants, their heirs, executors, administrators, and assigns, according to the nature and quality thereof respectively, in special trust ; to hold one fifth part of said trust estate and property; that is to say, one eighth part of all my said estate and property (subject respectively to the provisions concerning debts and advancements hereinafter contained), for the use and benefit of each of my daughters, Mary C. Owen, wife of said Charles D. Owen, Catharine A. Bucklin, and Jane W. Bucklin ; and each of my granddaughters, Margaret Bucklin and Eliza Sherman, upon the trusts, and with, under, and subject to the powers, provisos, and limitations respectively hereinafter contained, that is to say :

"Item 3. In trust for said trustees and the survivors and survivor of them, and other, the trustees or trustee hereunder for any time being, to take possession and charge of all said trust estate and property, at any time, or from time to time in their or his discretion, to make partition and division thereof as between the parties respectively entitled under these trusts, or with the other tenants in common, and to give or receive money or other property for equality of partition or division ; to keep the trust real

estate and the improvements thereon in good order and repair, and such improvements properly insured against loss by fire; to keep the personal estate invested in safe and productive securities, with power in their or his discretion, at any time or from time to time, either before or after such partition or division, to sell said trust estate or property, or any part or parts thereof, or to alter or vary any of the investments thereof, whether existing at my decease or made afterwards, and the net proceeds of any such sale or change of investment to apply in improvements or repairs upon the real estate held under the same trusts as the part so sold; or to reinvest in other real or personal estate or securities upon such same trusts as they or he may deem advisable, and with like powers over any such new investments, as often as they or he shall deem it expedient or necessary to exercise the same ; to receive and collect all the income of all said trust estates and properties, and after paying therefrom all expenses of taxes and other public charges, ordinary repairs, insurance, and other expenses and outgoings attending the care of said trust estates and properties respectively, and the execution of the trusts hereby created, to pay over as often at least as once in six months, to each of my said daughters respectively, the residue of the said income of her one fifth part aforesaid of said trust estate and property, for her own use during her life.

" Item 4. And in the discretion of said trustees or trustee for the time being, to apply and appropriate to the support, benefit, and education of my said granddaughters respectively, during their respective minorities, and until they respectively attain the age of twenty one years, so much of the residue of the said income of their respective one fifth part aforesaid of said trust estate and property, as the said trustees or trustee for the time being may deem expedient.

" Item 5. And from and after my said granddaughters respectively attain the age of twenty one years, to pay to them respectively, as often at least as once in six months, the net income of their respective one fifth parts of said estate, for their own use during their respective lives.

" Item 6. And neither of my said daughters or granddaughters shall have the power at any time to anticipate said income or any part thereof.

"Item 7. And upon the decease of each of my said daughters and granddaughters, to convey, transfer, pay, and deliver over the part of said trust estates and properties so then held in trust for such deceased, to and among her children then living, and to and among the issue then living of any child of hers who may then have deceased, but so that her children shall take in equal shares, and her more remote issue shall take (in equal shares as between brothers and sisters) the portion only which their respective parents would have taken if then living, to them and their respective heirs and assigns forever.

"Item 8. Provided, that if either of my said daughters or granddaughters shall decease leaving no child or more remote issue living at the time of her decease, then for said trustees or trustee for the time being, to convey, transfer, pay, and deliver over the said part of said trust estates and properties, so then held in trust for such deceased, to and among her next of kin of my blood then living; to take and hold the same in the same proportions and manner, as they would have received the same from me had I then deceased intestate, seized and possessed of the same in fee simple.

"Item 9. And provided, further, and I declare that in ascertaining the respective shares of my said sons, and the trust portions of my said daughters and granddaughters, and in apportioning and dividing my estate and property between them under this, my will, all sums of money in which at my decease, my said children, respectively, and the respective parent of each of my said grandchildren, may be indebted to me, and all sums of money which during my life I may have advanced to my said children or grandchildren, or their respective parent, and which at my decease shall appear charged to them respectively upon my books, shall be taken into the accounts; my will and intention being to make all my children and grandchildren aforesaid equal, taking into account what each, or her respective parent, may have received from me during my life, by way of loan or advancement; and what each may receive from my estate.

"Item 10. And I declare that, if at any time, and as often as the number of acting trustees for the time being, under either of the foregoing trusts, shall, by declination, death, resignation, in-

capacity, or inability to serve, become reduced below two, the surviving or remaining acting trustee for the time being shall forthwith, by and with the assent in writing of my said daughters or granddaughters, respectively, if then living and of twenty one years of age, and competent to assent, or, if not living or of that age, or incompetent to assent, then, without such assent, by any writing under his hand and seal, appoint two other suitable and competent persons to be trustees in the place of those who have so declined, died, resigned, or become incompetent or unable to serve, and shall thereupon, forthwith, so convey and assure the trust estate and property as to effectually vest the same in such new trustees, and in such surviving or remaining trustee, as joint tenants under the foregoing trusts thereof.

" Item 11. . And every such new trustee so appointed, and every other trustee hereunder, holding under any valid appointment whatever, shall immediately have and possess all the powers of a trustee, discretionary or otherwise.

" Item 12.   And no purchaser or other party dealing with any trustees or trustee, for any time being, shall be obliged to see to the application or reinvestment of the purchase money, or other trust money, or to the regularity of the appointment of any new trustees or trustee, provided such appointment appear upon its face to be regular.

" Item 13.   I hereby appoint my said son George Bucklin, and son-in-law Charles D. Owen, joint executors of this my will, and direct that they be required to give no bond as such executors.

" In testimony whereof, I have hereunto set my hand and seal this twelfth day of January, A. D. eighteen hundred and seventy.

" THO. P. BUCKLIN.   [L. S.]

" The foregoing five pages were signed, sealed, published, and declared by the said Thomas P. Bucklin, as and for his last will and testament, in the presence of us, who, at his request, in his presence, and in the presence of each other, have hereunto set our names as witnesses to the same.

" HARRIET SPRAGUE,<br>
" ANNIE W. COMSTOCK,<br>
" JAMES TILLINGHAST."

*December* 31, 1888. DURFEE, C. J. Thomas Bucklin died A. D. 1880, leaving three sons, three daughters, and two granddaughters, namely, Margaret Bucklin, sole child of a deceased son, and Eliza Sherman, sole child of a deceased daughter, both minors. He left a will by the first clause of which he gave, subject to debts and provisions in regard to advancements, to his three sons each one undivided eighth of his estate, and by the second clause he gave, subject as above, the remaining five eighths to trustees in special trust to hold one fifth thereof, for the use and benefit of each of his daughters and granddaughters, " subject to the powers, provisos, and limitations " following in the will. By the third clause he clothes the trustees with ample powers for the management of the trust estate, and directs them to pay to each of his three daughters, as often at least as once in six months, the net income of her one fifth of the trust estate. By the fourth clause he directs his trustees to appropriate to the support, benefit, and education of each of his granddaughters during her minority, so much of the net income of her one fifth as they shall deem expedient, and by the fifth clause, to pay to each of them, on her coming of age, as often as once in six months, the net income of her one fifth for her own use during her life. By the seventh and eighth clauses he limits the shares given to the daughters and granddaughters over on the death of each of them respectively in remainder.

Eliza Sherman is now twenty one years old. The trustees hold a fund of nearly $18,000 which they have retained and accumulated out of the net income of her share during her minority. The trustees file this bill for instructions as to what disposition they shall make of the fund.

We think it is clear that each daughter and granddaughter would have taken under the second clause the entire equitable interest in one fifth of the trust estate, subject to the provisos and limitations following, but for the subsequent limitations over. The limitations over cut down the equitable estate of each to a life estate, subject to said provisos and limitations except the limitations over. If there had been no such provisos or limitations each daughter and each granddaughter would have been entitled to the net income of her share from the death of the testa-

tor, though it would doubtless have been the duty of the trustees to retain the net income of each granddaughter's share until her majority, unless she had a guardian to receive it for her.   The question then is whether the will imposes any proviso or limitation by force of which the income or any portion of the income of the shares of the granddaughters during their minority is diverted from them to go elsewhere.   The contention is that the fourth and fifth clauses do in effect impose such a limitation or proviso. It is argued that by the fourth clause only so much is to go to them during their minority as the trustees think expedient to allow, and that the trustees are only directed by the fifth clause to pay to them on their coming of age the net income of their shares subsequently, thus leaving the income which is accumulated during the minority undisposed of.   The contention is that as to these accumulations, there is an intestacy.   The fault of this reasoning is that it assumes that the granddaughters are only entitled to income so far as the trustees are expressly directed to pay it to them, whereas as equitable life tenants each of one fifth of the trust estate, they are entitled to the net income of that fifth during the entire period of their life tenancy by necessary implication, unless the contrary is expressed or clearly implied by the will.   We find no such expression or clear implication.   Doubtless the fourth clause implies that only so much of the net income of their shares shall go to them during their minority as the trustees see fit to allow, but that is not an implication that the residue shall not go to them when they come of age to receive it.   The fact that the will provides for such allowances out of the net income of their shares during their minority affords an inference or implication that the testator regarded such income as theirs.   It is contended that the second clause is to be construed as if it gave the trust estate to the trustees for the use of the daughters and granddaughters to the extent expressed in the subsequent clauses and no further.   We do not think so.   The second clause in our opinion clearly gives the trust estate for the use and benefit of the daughters and granddaughters, subject to the powers, provisions, and limitations indicated, which means subject only to them.   It seems to us, judging from the structure of the will as well as from the expression of intent in the ninth clause, that it was the

purpose of the testator to put his daughters and granddaughters on an equality so far as he could do so with proper consideration for the infancy of the granddaughters, and it is not questioned but that the daughters became entitled to the entire net income of their shares from the death of the testator for the rest of their lives. We think there can be no doubt that under the second clause the shares of all the *cestuis*, granddaughters as well as daughters, vested in them immediately on the death of the testator. We instruct the trustees to pay to Eliza Sherman the amount retained and accumulated from the net income of her share during her minority. And see *In re Buckley's Trusts*, L. R. 22 Ch. Div. 583; *Williams et al* v. *Bradley*, 3 Allen, 270; *Penrose's Appeal*, 102 Pa. St. 448; *Briggs* v. *Cragg*, 26 Hun, 89.

*James Tillinghast*, for complainants.

*Thomas C. Greene & John F. Lonsdale*, for Eliza Sherman.

*Oscar Lapham*, for William C. Bucklin.

After the foregoing opinion had been given a reargument by briefs filed was allowed on the application of the respondent, William C. Bucklin, whereupon the court filed the following rescript.

*February* 9, 1889. PER CURIAM. We see no reason to alter the opinion formerly expressed by us in this case, that Eliza Sherman is entitled to the accumulations of income from her share of the property devised by the will of her grandfather. Her share is given in trust for her use and benefit which entitles her to the income, and though there is a provision for the accumulation during her minority, it seems to us that such accumulation must be for her benefit solely. We find nothing in the will which imports that it is to be added to her share for the purpose of increasing it. The gift over under item 8, in case of her death without a child or more remote issue, is a gift over of " said part of said trust estate so then held in trust for such deceased," and the meaning of the words " said trust estate " is the trust estate given by the will.